IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**MELVIN ACEVEDO-HERNANDEZ,**

Petitioner,

v.

**UNITED STATES OF AMERICA,**

Respondent.

Civil No. 12-1763(DRD)

**OPINION AND ORDER**

Pending before the Court are: Petitioner Melvin Acevedo-Hernandez's ("Petitioner" or "Acevedo") *Motion to Vacate, Set Aside, or Correct Sentence* (Docket No. 1) pursuant to 28 U.S.C. § 2255; United States' *Opposition to Petitioner's Motion to Vacate His Conviction and Sentence under 28 U.S.C. § 2255* (Docket No. 10); and Magistrate Judge's *Report and Recommendation* (Docket No. 13).

For the reasons elucidated below, the Court hereby **ADOPTS IN TOTO** the Magistrate Judge's *Report and Recommendation* (Docket No. 13) and **DENIES** Petitioner's *Motion to Vacate, Set Aside, or Correct Sentence* (Docket No. 1).

**I. REFERRAL TO THE MAGISTRATE JUDGE**

The Court may refer dispositive motions to a United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B). *See* FED. R. CIV. P. 72(b); *see also* Local

1

Rule 72(a); *Matthews v. Weber*, 423 U.S. 261, 96 S.Ct. 549 (1976). An adversely affected party may contest the Magistrate's Report and Recommendation by filing its objections. F<small>ED</small>. R. C<small>IV</small>. P. 72(b). Moreover, 28 U.S.C. §636(b)(1), in pertinent part, provides that

> any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate.

"Absent objection, . . . [a] district court ha[s] a right to assume that [the affected party] agree[s] to the magistrate's recommendation." *Templeman v. Chris Craft Corp.*, 770 F.2d 245, 247 (1st Cir. 1985), *cert denied*, 474 U.S. 1021 (1985). Additionally, "failure to raise objections to the Report and Recommendation waives that party's right to review in the district court and those claims not preserved by such objections are precluded upon appeal." *Davet v. Maccarone*, 973 F.2d 22, 30-31 (1st Cir. 1992); *see Henley Drilling Co. v. McGee*, 36 F.3d 143, 150-51 (1st Cir. 1994) (holding that objections are required when challenging findings actually set out in a magistrate's recommendation, as well as the magistrate's failure to make additional findings); *see also Lewry v. Town of*

2

*Standish*, 984 F.2d 25, 27 (1st Cir. 1993)(stating that "[o]bjection to a magistrate's report preserves only those objections that are specified"); *Borden v. Sec. of H.H.S.*, 836 F.2d 4, 6 (1st Cir. 1987)(holding that appellant was entitled to a de novo review, "however he was not entitled to a de novo review of an argument never raised").

The Court, in order to accept unopposed portions of the Magistrate Judge's *Report and Recommendation*, need only satisfy itself that there is no "plain error" on the face of the record. *See Douglass v. United Servs. Auto, Ass'n*, 79 F.3d 1415, 1419 (5th Cir. 1996)(*en banc*)(extending the deferential "plain error" standard of review to the un-objected to legal conclusions of a magistrate judge); *see also Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)(en banc)(appeal from district court's acceptance of un-objected to findings of magistrate judge reviewed for "plain error"); *see also Nogueras-Cartagena v. United States*, 172 F.Supp. 2d 296, 305 (D.P.R. 2001)(finding that the "Court reviews [unopposed] Magistrate's Report and Recommendation to ascertain whether or not the Magistrate's recommendation was clearly erroneous")(adopting the Advisory Committee note regarding FED.R.CIV.P. 72(b)); *see also Garcia v. I.N.S.*, 733 F.Supp. 1554, 1555 (M.D.Pa. 1990)(finding that "when no objections are filed, the district court need only review the record for plain error").

3

In the instant case, Petitioner has not filed objections to the Magistrate Judge's *Report and Recommendation*. Thus, the Court will review the Magistrate's *Report and Recommendation* for plain error.

After a careful analysis, the Court finds no "plain error" in the unobjected-to *Factual and Procedural Background* section of the Magistrate Judge's *Report and Recommendation*. Thus, rather than repeating the set of facts that pertain to the instant case in their entirety, the Court hereby **ACCEPTS, ADOPTS AND INCORPORATES** by reference the Magistrate Judge's findings of fact *in toto*, noting particularly that they remain unchallenged.

## II.   ANALYSIS

Petitioner's argument in support of a reduction of sentence is two-fold. First, Petitioner avers that he only conspired with a government agent, and no one else, to distribute cocaine, thereby making it legally impossible for him to have partaken in a conspiracy, as government informants cannot be considered members of a conspiracy. Second, Petitioner contends that the United States engaged in sentence factor manipulation when the government informant allegedly urged the Petitioner to bring a firearm to the site of the drug deal.

At the outset, the Court stresses that it agrees with Magistrate Judge Arenas' determination that Petitioner's arguments are deemed procedurally defaulted, as Petitioner did

4

not raise the claims discussed herein at trial nor on direct review. *See Oakes v. United States*, 400 F.3d 92, 95 (1st Cir. 2005)("If a federal habeas petitioner challenges his conviction or sentence on a ground that he did not advance on direct appeal, his claim is deemed procedurally defected."). In cases of this nature, a district court may entertain the petitioner's request for the first time "only if the petitioner has 'cause' for having procedurally defaulted his claims, and if the petitioner suffered 'actual prejudice' from the errors of which he complains," neither of which are present here. *Owens v. United States*, 483 F.3d 48, 56-57 (1st Cir. 2007)(citing *United States v. Frady*, 456 U.S. 152, 168 (1982) and *Knight v. United States*, 37 F.3d 769, 774 (1st Cir. 1994)). The Court briefly explains.

*Conspiracy Theory*

The Court concurs with the Magistrate Judge's determination that Petitioner's argument regarding the conspiracy charge is flawed. Although government agents are not considered to be part of a conspiracy, said rule is relevant "only in situations where the conspiracy involves only [one] defendant and a government informer. In that situation there can be no conspiracy because it takes two to conspire...." *United States v. Ciresi*, 697 F.3d 19, 28 n.5 (1st Cir. 2012)(citing *United States v. Giry*, 818 F.2d 120, 126 (1st Cir. 1987) (alteration in

5

original) (citation omitted) (quoting *United States v. Martino*, 648 F.2d 367, 405 (5th Cir. 1981)) (internal quotation marks omitted).

As the Magistrate Judge correctly indicated, the plurality requirement in the case at bar is satisfied by the participation of two "true" conspirators, the Petitioner and co-defendant Angel Torres Figueroa. **In his *Plea Agreement* (Criminal No. 10-310, Docket No. 199), the Petitioner, under penalty of perjury, admitted to knowingly conspiring with Angel Torres Figueroa to possess with the intent to distribute five (5) kilograms or more of cocaine.** *See* Criminal No. 10-310, Docket No. 199. He and Angel Torres Figueroa were tasked with providing protection to the purported seller of approximately twelve (12) kilograms of sham cocaine at a villa in Dorado, Puerto Rico on April 8, 2009. The Petitioner admitted being armed with a firearm during the simulated drug transaction and confessed being paid $2,000.00 for his participation.

Accordingly, Petitioner's assertion that he was the sole participant in the conspiracy is unavailing, as he admitted working in conjunction with co-defendant Angel Torres Figueroa to advance a common goal, i.e., to provide protection to the seller of cocaine. That the ultimate goal of the conspiracy was unaccomplished is irrelevant.

*Sentence Manipulation: The Reverse Sting Operation*

In a similar fashion, the Court finds that there was no sentence factor manipulation. As the Magistrate Judge correctly noted, sentence factor manipulation of the variety advanced by Petitioner occurs when the authorities "venture outside the scope of legitimate investigation and engage in extraordinary misconduct that improperly enlarges the scope or scale of the crime." *United States v. Sanchez-Berrios*, 424 F.3d 65, 78-79 (1st Cir. 2005)(internal citations and quotations omitted).

The facts in the instant case rise to "the level of manipulation inherent in virtually any sting operation-and that is not enough to warrant a downward departure." *Id.* The facts simply show that the government agent asked the Petitioner to bring a weapon with him to the villa where the drug transaction would ensue, a request, complied with by the Defendant, that is inherent in almost all drug sting operations. Thus, the Court agrees with Magistrate Judge Arenas' determination that the government informant did not engage in sentence manipulation.[1]

---

[1] Lastly, the Petitioner stresses that his attorney provided ineffective assistance of counsel by failing to advance Petitioner's two contentions before the district court.
 Under the *Strickland* test, Petitioner has the burden of showing that (1) counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different. *Padilla v. Kentucky*, 559 U.S. 356, 366 (2010) (quoting *Strickland*, 466 U.S. at 688)); *see Argencourt v. United States*, 78 F.3d 14, 16 (1st Cir. 1996); *Scarpa v. Dubois*, 38 F.3d 1, 8 (1st Cir. 1994); *López-Nieves v. United States*, 917 F.2d 645, 648 (1st Cir. 1990) (citing *Strickland*, 466 U.S. at 687). There is no doubt that *Strickland* also applies to representation outside of the trial

### III. CONCLUSION

For the reasons elucidated in the instant *Opinion and Order*, the Court hereby **ADOPTS** the Magistrate Judge's *Report and Recommendation* (Docket No. 13) **IN TOTO** and **INCORPORATES IT HEREIN BY REFERENCE**. Accordingly, Petitioner's *Motion to Vacate* (Docket No. 1) is hereby **DENIED**.

It is further ordered that no certificate of appealability should be issued in the event that Petitioner files a notice of appeal because there is no substantial showing of the denial of a constitutional or statutory right within the meaning of 28 U.S.C. § 2253(c)(3).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 27th day of February, 2015.

s/ Daniel R. Dominguez

DANIEL R. DOMINGUEZ
U.S. DISTRICT JUDGE

---

setting, which would include plea bargains, sentence and appeal. *See Missouri v. Frye*, 132 S. Ct. 1399, 1408-10, 182 L. Ed. 2d 379 (2012); *Lafler v. Cooper*, 132 S. Ct. 1376, 182 L. Ed. 2d 398 (2012); *Hill v. Lockhart*, 474 U.S. 52, 57 (1985).

Since the Court has already determined that both of Petitioner's contentions are totally meritless, as the errors alleged encompass facts that the Defendant accepted and were not under the control of counsel, it cannot be said that counsel's performance fell below an objective standard of reasonableness.